HARDY, Judge.
In this suit plaintiff seeks to be recognized as the duly elected City Manager of the Town of Marksville, and prays for a permanent injunction against Edgar A. Coco, Mayor of said town, enjoining the said defendant from paying municipal funds for services as City Manager to one Charlie Coco, alleged to be illegally acting in such capacity, together with other appropriate relief. The suit is in the nature of an action for a declaratory judgment coupled with an injunction. Inter alia, plaintiff prayed for judgment prohibiting the defendant Mayor from voting as a member of the Town Council and for further judgment prohibiting the said Mayor from casting a deciding vote for the purpose of breaking a tie. After trial the cause, by agreement of counsel, was submitted on the merits, and there was judgment which rejected all of plaintiff’s demands with the exception that it enjoined the defendant Mayor from casting the deciding vote in the event of a tie vote in the deliberations of the governing board of the town. The judgment specifically recognized the right of the Mayor to vote as a member of the board. From this judgment plaintiff has appealed and the defendant Mayor has answered the appeal, praying for an amendment dissolving the injunction prohibiting the Mayor from casting the deciding vote.
Against plaintiff’s petition, which was filed in the dual status of a citizen taxpayer and as the duly elected City Manager, defendants filed exceptions (1) to the rule for preliminary injunction; (2) to the jurisdiction of the court ratione materiae; (3) of prematurity; (4) of vagueness; (5) of non-joinder of parties plaintiff; (6) of misjoinder of parties defendant; (7) of improper cumulation of actions; and (8) of no cause or right of action, all of which were referred to the merits. All exceptions were overruled save that which asserted the lack of a right or cause of action in plaintiff. This exception, insofar as it attacked plaintiff’s right to restrain the defendant Mayor from the casting of a deciding vote, was overruled, and in other respects was sustained. The judgment as signed must be interpreted in the light of the written opinion of the district judge, and, though somewhat lacking in conformity to the pleadings, nonetheless appears to be clearly understood and accepted without objection, as to form, by counsel for all parties.
The basis for the relief sought by plaintiff is found in the facts now recited. At the first meeting of the newly elected Mayor and five Aldermen of the Town of Marksville, held on July 6, 1954, one of the matters acted upon was the appointment *599 of a City Manager-Secretary-Treasurer of the Town of Marksville. Plaintiff was duly nominated for this position and received an affirmative vote of three of the Aldermen, being opposed by the votes of two aldermen and the Mayor, whereupon the Mayor was further recorded as voting against the proposed nomination for the purpose of breaking the tie. Immediately following this action the defendant, 'Charles L. (Charlie) Coco, was nominated for appointment to the position in question, which nomination was supported by the votes of two of the Aldermen and the Mayor and opposed by the votes of three Aldermen, whereupon the Mayor again voted for the purpose of breaking the tie.
Plaintiff first asserts that the Mayor is not entitled to vote in the deliberations of the Town Board and that, as a consequence, his action in voting against plaintiff’s nomination was illegal and should be set aside. Next, and obviously in the alternative, the plaintiff contends that the Mayor is not entitled to cast a deciding vote for the purpose of breaking a tie.
If plaintiff’s contentions are sustained, the effect would be that plaintiff was duly and properly elected as City Manager and that the subsequent purported election of Charlie Coco was a nullity.
The record before us is made up of exhibits jointly submitted by the counsel for the parties litigant, consisting of:
1. A certified copy of the minutes of the meeting of the Town Council on July 6, 1954.
2. A certified copy of the minutes of the meeting of April 11, 1953, reflecting the appointment of Charles L. Coco as City Manager.
It was further jointly stipulated by counsel that Charles L. Coco has served continuously as City Manager-Secretary-Treasurer of the Town of Marksville from date of April 11, 1953, and was so serving at the time of trial; that plaintiff is a resident and taxpayer of the Town of Marksville.
It is evident from arguments and briefs of defendant’s counsel that principal reliance is place in the merit of the exception of no right and no cause of action. Many of the exceptions filed have been abandoned, but before this court counsel re-urges the exception to the jurisdiction ra-tione materiae, the exception of prematurity and the exception of non-joinder of parties defendant. It is therefore necessary that we dispose of the issues raised by the said exceptions before proceeding to a consideration of the merits of the exception of no cause and no right of action.
The exception to the jurisdiction is predicated upon the contention that plaintiff has failed to furnish a bond in accordance with the requirements of Article 304 of the Code of Practice and of the LSA-Revised Statutes, Title 13, Section 4068. As was pointed out by the district judge in his opinion, the Code of Practice article requiring the filing of a bond has been superseded by the enactment of the injunction statute now reflected in our LSA-Revised Statutes, Title 13, Section 4061 et seq., and while it is true that Section 4068 requires the furnishing of a bond, this requirement is restricted to the issuance of a preliminary injunction. In the instant case no question is tendered with reference to the issuance, vel non, of a preliminary injunction and, by the very stipulation above noted, the parties have proceeded with a trial on the merits which resulted in judgment decreeing the issuance of a permanent injunction. It follows that the substance of this exception has become moot.
As ground for the exception of prematurity defendants rely upon the fact that plaintiff has failed to offer or tender his services to the Town of Marksville in the capacity in which he seeks to be recognized. We find no merit in this contention since the action involving such a tender of services would be vain and futile. It is *600 further pertinent to observe that the burden of plaintiff’s suit seeks recognition of his alleged election to the office in question and until this point is determined there is no obligation on his part to take further action.
The exception of non-joinder of parties is directed against the failure of plaintiff to make Charlie Coco a party defendant. In connection with this assertion counsel relies upon the argument that Charlie Coco is a necessary party and that a court will refuse to enter judgment in those cases where joinder of all necessary parties has not been effected. This contention is unavailing in the instant case inasmuch as no relief is sought against Charlie Coco and, as a consequence, he cannot be considered in any sense a necessary party. Plaintiff’s relief, if any, must result from judgment against the Mayor and the Town of Marksville, who are the appropriate parties defendant.
We pass now to a consideration of the exception of no right and no cause of action, in connection with which it is necessary for us to answer the following pertinent questions:
1. Is the Mayor of the Town of Marskville entitled to vote as a member of the governing board of said town?
2. Is the Mayor of the Town of Marksville entitled to cast a deciding vote for the purpose of breaking a tie vote of the members of the governing board of said town ?
Before beginning our discussion of the principles of law which we regard as appropriate to a determination of the above questions, we wish to acknowledge with due appreciation the most interesting and helpful briefs of counsel for the parties litigant and the scholarly opinion of our learned brother of the district court, all of which evidence an exhaustive and far-reaching study and research with respect to the legal problem which is here presented for solution. To these efforts we have been able to add little, if anything, through our own independent study of the proposition, but we think there is no substantial disagreement as to the general principles which must be applied.
First, we think it is established by an unbroken unanimity of precedent and opinion that the right of the Chief Executive of a municipality must be determined in accordance with the intent of the Legislature as ascertained from the charter of municipal incorporation. The general rule is clearly stated in 62 C.J.S., Municipal Corporations, § 405, p. 769, as follows:
“The right of a mayor or other presiding officer of a municipal council or governing body to vote therein is dependent on the provisions of the charter or general law, and such provisions may enable him to vote on any question therein or entirely preclude him from the right to vote.”
To an identical effect are McQuillen on Municipal Corporations (2nd Ed.), Volume 2, page 415, Section 614, and Dillon on Municipal Corporations, Volume 2, Section 513.
In our examination of general rules and specific cases which are concerned with the right of the Chief Executive of a municipality to act as a member of the governing board, we find that numerous variations have been prescribed and effected among the several states. In some jurisdictions the Mayor or presiding officer is restricted entirely to the exercise of the parliamentary duties of a presiding officer; in some,, his right to vote is restricted to the right to-a casting vote for the purpose of breaking, a tie; in some, he is authorized to sit as a. voting member of the Council, and, in oth--ers, he is authorized both to vote as a member of the council and to cast a deciding-vote even if he has been responsible in the first instance for causing a tie vote.
However, despite the above variants of' authorization, in each instance the authority is derived from the charter or law un--der which the municipality functions.
*601 Here we take occasion to point out the obvious conclusion that the right and authority of participation by the Mayor of Marksville in the deliberations of the Town Board or Council is derived from the law under which the municipality of Marksville operates and none other. For this reason we cannot be concerned with the provisions of general municipal incorporation statutes nor with specific and particular legislative charters which affect other municipalities, and we must look exclusively to the provisions of whatever legislative enactment created the Town of Marksville. It is for this reason that we pretermit consideration of legislative enactments with respect to the creation of other municipal corporations, a number of which are tendered by counsel for plaintiff in support of his arguments. We do not think any rule of parallelism in aid of interpretation is appropriate in this respect. Each and every municipal charter enacted by the Legislature is independent and self sufficient and what may be provided by the Legislature with reference to one particular municipal corporation should not be accepted as a standard of interpretation in construing the provisions of legislative incorporation of any other municipality.
The municipality of Marksville, Avoyel-les Parish, Louisiana, was created and its powers and authority prescribed by Act 126 of 1843 which was entitled:
“An Act to incorporate the Town of Marksville, in the Parish of Avoyel-les.”
For the purpose of this opinion we think it unnecessary to set forth the detailed provisions of the enumerated act, and, therefore, we confine ourselves to the following emphasized synopsis of provisions included in the Act which we think have definite bearing upon the interpretation to be placed thereon with respect to the question here presented. After some general provisions the act provides, inter alia:
In Section 3 “that the municipality of said Town of Marksville shall consist of a Mayor and five Aldermen, three of whom with the Mayor shall constitute a quorum to transact business * *
In Section 4:
“that the said Mayor and Aldermen shall constitute a Board for the government of said town, and they have and possess the following powers, to-wit:
“First, they shall have power to levy a tax * * Second, they shall possess all powers * * *; Third: they shall have power to prohibit * * *; Fourth, they shall have power to remove * * *; Fifth, that they shall have power to appoint a Treasurer, Secretary and Collector, and such other officers as may be necessary for the administration of said Town of Marksville, * * *; Sixth, they shall power (sic) * * *; Seventh; they shall power (sic) * * *; Eighth, they shall possess all the powers that are prescribed by law for corporations in general.”
And in Section 8 “ * * * that the Mayor and Aldermen shall have power to make bylaws for the government of said town, and the same to repeal or modify * * * 99
By Act No. 82 of the General Assembly of 1855 the original act of incorporation was amended. With the purpose of this amendment we are not concerned except to note, by way of cumulative effect, the reiteration of the use of the phraseology above specifically designated, providing that the Mayor and Aldermen should constitute a board vested with certain powers which they should exercise.
In the light of the clear, direct and unambiguous wording which we have above attempted to emphasize we think the conclusion is inescapable that the Legislature intended to, and did, vest the Mayor of the Town of Marksville with the authority to sit as a member of the governing board of the said municipality. To argue that this clearly evidenced intention did not include the right to vote as a member of the board is, in our opinion, an insistence upon an absurd and thoroughly untenable interpre *602 tation which would have the effect of doing violence to the plain and reasonable meaning and application of the words used.
Counsel insists that this interpretation of the intent of the Legislature is not justified in view of the fact that it provided for the election of five Aldermen and further specified that a quorum should consist of three Aldermen with the Mayor, in both of which instances the Legislature required an odd number of Aldermen. From this premise counsel draws the conclusion that the Legislature did not consider the Mayor to be a member of the Board and authorized to vote in its deliberations. Counsel further argues, upon the basis of this tenuous interpretation, that any other construction would effect an unwise and impractical conclusion. Fortunately it is not within the province of courts to determine the validity, force and effect of legislative enactments in accordance with what we may consider to be the distinction between wise and foolish pronouncements. It follows that our latitude of judgment is restricted to the interpretation of intent as evidenced by the clearly expressed meaning of legislation and we are without authority to roam in fields of metaphysical speculation, no matter how attractive and alluring.
Under the same rule and by the same authorities set forth, supra, we think it equally as plain and conclusive that there is nothing in the legislative enactments which authorizes the Mayor of Marksville to cast an additional and deciding vote in the event of a tie, for all authorities are in agreement that this power must be specifically and directly set forth in order to be effective.
The application of this conclusion to the facts of the instant case upholds the vote of the defendant Mayor, Edgar A. Coco, on both the nomination of plaintiff, Peter B. Strawitz, Sr., and the subsequent nomination of Charles L. Coco for the position of City Manager-Secretary-Treasurer of the Town of Marksville.
For the purpose of clarification of the matter we observe that the vote of the Mayor against the nomination of plaintiff Strawitz effected a tie on the question which was before tire Town Board, and plaintiff’s nomination, having failed to receive a majority, was therefore properly rejected. Similarly, the nomination of Charles L. Coco, by reason of a tie vote, failed of approval.
This determination brings us to the question of the right of Charles L. Coco to be retained in the office of City Manager-Secretary-Treasurer of the Town of Marksville to which he was duly elected by the Town Board on April 11, 1953, and the duties of which office he continued to fulfill and exercise without interruption.
Concededly, the right of Charles L. Coco to retain and exercise this office can only be justified by the application of the so-called “hold-over statute”. But it is urged by counsel for plaintiff that the judgment of the district court allowing Charles L. Coco to retain his position, under the said statute, is in direct contradiction with the provisions thereof. The statute in question reads as follows:
“All public officers, whether appointed or elected, shall hold their offices and discharge the duties thereof until their successors are elected or appointed, as the case may be, and duly qualified.” LSA-R.S. 42:2.
Counsel first ui'ges that the office of City Manager of the Town of Marksville was not established under the requirement of LSA-R.S. 42:1, which limits the application to those instances in which “the office or position is established by the constitution or laws of this state.”
We find this argument to be somewhat technical in view of the fact that the legislative charter of the Town of Marksville specifically authorized the appointment by the Town Board of a Secretary-Treasurer. The fact that the title has been changed to the all-inclusive denomination of City Manager-Secretary-Treasurer seems to us to be immaterial. We further point out that *603 the legislature authorized the appointment of “such other officers as may be necessary * *
Zealous counsel further contends that the provisions of LSA-R.S. 42:3 limit the term of office of municipal employees to the term of office of the members of the board electing them. This contention is indubitably sound, but, certainly, it has no perti-nency nor application to the instant case. There is no contention that Charles L. Coco has been elected to any term of office which over-extends the term of the electing authority. The only contention is that Coco continues to hold his office until his suc'cessor is elected or appointed and duly qualified, as provided by the statute. In this case it is quite certain that no successor has been either duly elected or appointed, much less qualified, and it follows that Charles L. Coco properly continues to hold office, exercise the duties and receive the remuneration for his services as City Manager, Secretary-Treasurer of the Town of Marksville.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.