JaLOTTINGER, Chief Judge.
The issues in this matter concern the state’s system for collecting sales and use taxes on motor vehicles. The Caddo-Shreve-port Sales and Use Tax Commission appeals a judgment maintaining the authority of the Office of Motor Vehicles to collect all taxes imposed on motor vehicles in this state, including those imposed by local jurisdictions.
FACTS
The Louisiana Automobile Dealers Association (LADA) and several new car dealerships in Caddo Parish (Dealers), two of the appellees in this matter [1], filed suit to enjoin the Caddo-Shreveport Sales and Use Tax Commission (the Commission), and the City of Shreveport (Shreveport), from implementing an ordinance which would discontinue the long-standing practice whereby the local sales and use tax levied by said jurisdictions would be collected by the State of Louisiana through the Department of Public Safety and Corrections, Office of Motor Vehicles (OMV).
The Commission was established by Shreveport and the Caddo Parish School Board to assist in the collection of sales and use taxes levied by those entities. It is alleged that several other smaller municipalities within Caddo Parish have contracted with the Commission for the collection of their sales and use taxes as well.
Historically, the Commission had contracted with the OMV for the collection of its sales and use taxes on motor vehicles in return for a percentage of the amount collected. The Commission alleges that for many years it had not been satisfied with the collection of this tax by the State, and therefore, beginning July 1,1994, sought to collect the local tax on motor vehicles itself.
On that date, the LADA and the Dealers instituted this action against John Politz, Administrator of the OMV, the Commission and Shreveport seeking a writ of mandamus directing the OMV to continue collecting the local tax, a declaratory judgment recognizing the OMV as the only proper authority to collect sales and use taxes on motor vehicles in Louisiana and issuance of a temporary restraining order. That afternoon, the Commission received, by facsimile transmission, a stay order directing that it be stayed from any efforts to collect the tax directly. While reserving its rights to contest the validity of *1253 the stay order, the Commission subsequently entered into a joint motion to extend the stay until a hearing could be held.
| <¡The Commission thereafter answered the petition asserting that the stay was, in actuality, a temporary restraining order which was improperly issued without a bond, and reconvened for damages and attorney fees. Through an amended answer, the Commission requested that the attorney general be cited and served with a copy of all pleadings and that he be given the opportunity to be heard on the constitutionality of La.R.S. 47:308 B(3)(b).
On August 2, 1994, the OMV filed its answer to the suit filed by the LADA and the Dealers, admitting the allegations contained therein, and asserting a cross-claim against the Commission and Shreveport. The cross-claim filed by the OMV reiterated the allegations contained in the petition filed by the LADA and the Dealers, and further sought, in the event the stay order was found to be defective, issuance of its own temporary restraining order directed against the Commission and Shreveport. The restraining order sought by the OMV was issued by the trial judge without bond [2] on August 9, 1994.
§ 4581. Public boards and commissions not required to furnish bond
State, parish, and municipal boards or commissions exercising public power and functions, sheriffs, sheriffs’ departments, and law enforcement districts, and the Patient's Compensation Fund, or any officer or employee thereof, shall not be required to furnish any appeal bond or any other bond whatsoever in any judicial proceedings instituted by or brought against them, that arise from activities within the scope and course of their duties and employment.
Following a hearing on August 16, 1994, the trial court rendered judgment in favor of the LADA and the Dealers ordering that a writ of mandamus issue directing the OMV to continue collecting, on behalf of local governments, the sales and use taxes imposed on the sales or use of motor vehicles. A preliminary injunction was also issued ordering the Commission to cease in its efforts to collect the tax.
On November 14,1994, following a trial on the merits, judgment was entered maintaining and making permanent the writ of mandamus and preliminary injunction. A declaratory judgment was also rendered declaring that the OMV was “the only proper authority for the collection of sales and use taxes imposed on motor vehicles by ... political subdivisions”. It is from this judgment that the Commission has appealed.
ASSIGNMENT OF ERRORS
On appeal, the Commission asserts that the trial court was (1) clearly wrong in its determination that La.R.S. 47:303 B(3)(b)(ii) mandates that the State must collect sales and use taxes levied by local governmental subdivisions on motor vehicles, and (2) manifestly erroneous in its finding that the issuance of the temporary restraining order, and the preliminary and permanent injunctions were proper, and that the Commission was not entitled to recover damages and attorney fees.
DISCUSSION
l4At the time of the trial of this matter in November of 1994, the statute in question, La.R.S. 47:303 B(3) [3] provided as follows:
(3)(a) It is not the intention of this Subsection to grant an exemption from the sales and use tax levied in this Title to any sale, use, items, or transaction which has heretofore been taxable, and this Subsection is not to be construed as so doing. It is the intent of this Subsection to transfer the collection of the sales and use tax on vehicles from the vendor to the vehicle commissioner as agent for the secretary of *1254 the Department of Revenue and Taxation and to provide a method of collection of the tax directly from the vendee or user by the vehicle commissioner as agent of the secretary.
(b)(i) The vehicle commissioner and the governing body of any political subdivision as defined in Article VI, Section 44(2) of the Constitution of Louisiana, in which a sales or use tax has been imposed by such political subdivision on the sale or use of motor vehicles, are authorized to enter into an agreement by which the vehicle commissioner may collect such tax on behalf of the political subdivision. Except as provided in Paragraph (5) of this Subsection [4], no certificate of title or vehicle registration license shall be issued until such local tax is paid.
(ii) The tax imposed by the political subdivisions on the sale or use of vehicles subject to the Vehicle Registration License Tax Law (R.S. 47:451 et seq.) shall be collected by the vehicle commissioner and distributed to the political subdivisions as provided for in R.S. 47:301(10)(f) and (18)(b). The vehicle commissioner shall withhold from any such taxes |scollected for the political subdivisions one percent of the proceeds of the tax so collected, which shall be used by the commissioner to pay the cost of collecting and remitting the tax to the political subdivisions.
(in) The vehicle commissioner shall cause to be conducted annually, by the legislative auditor, an audit or examination of the books and accounts of sales and use taxes collected by the vehicle commissioner for each political subdivision. The scope of the audit shall be sufficient to determine whether or not sales and use taxes collected for each political subdivision have been properly and correctly distributed in accordance with law dining the period under audit. The cost of such audit shall be prorated to all local political subdivisions for whom the vehicle commissioner collects sales and use taxes on the basis of total tax dollars distributed to each local political subdivision, and the vehicle commissioner shall withhold the cost of such audit from taxes collected. In the event the audit determines that adjustments to tax distributions are required, the vehicle commissioner shall adjust future tax distributions to applicable tax recipient bodies. The prescriptive period for adjustments under this Section shall be three years from the thirty-first day of December of the year in which such taxes became due.
(iv) All such agreements now existing between any political subdivision and the secretary are hereby declared valid and the functions of the secretary thereunder are hereby transferred to the director of public safety as vehicle commissioner.
(Footnotes supplied).
All parties hereto concede that the statute, as a result of repeated amendments, is unartfully drafted; however, in this appeal, the Commission asserts that the trial judge erred in his interpretation of the language of R.S. 47:303 B(3)(b)(ii). The trial judge ruled that the mandatory language contained in that section requires that the state must collect all sales and use taxes on motor vehi *1255 cles, including those imposed by local governments. The Commission argues that such an interpretation violates Article 6, § 29 of the Louisiana Constitution of 1974, which provides in pertinent part:
§ 29. Local Governmental Subdivisions and School Boards; Sales Tax Section 29. (A) Sales Tax Authorized. Except as otherwise authorized in a home rule charter as provided for in Section 4 of this Article, the governing authority of any local governmental subdivision or school board may levy and collect a tax upon the sale at retail, the use, ... of tangible personal property ... as defined by law, if approved by a majority of the electors voting thereon in an election held for that purpose.
(Emphasis supplied).
In response to this argument, the LADA, the Dealers, and the OMV (collectively referred to as Appellees) assert that the last relevant amendment of this statute occurred in 1989[5]. Act 264 of 1989 enacted the mandatory language of La.R.S. 47:303 B(3) |6the interpretation of which is at issue in the present case. This provision now designated as R.S. 47:303 B(3)(b)(ii) provides, “[t]he tax imposed by the political subdivisions on the sale or use of vehicles subject to the Vehicle Registration License Tax Law (R.S. 47:451 et seq.) shall be collected by the vehicle commissioner and distributed to the political subdivisions as provided for in R.S. 47:301(10)(f) and (18)(b).” Act 264 similarly enacted these sections which specify the proper situs for the collection of local sales and use taxes. While appellees contend that this latest expression of legislative will evinces the clear intent of the legislature to shift the responsibility for the collection of local sales and use taxes to the state, the Commission maintains that the statute when read in its entirety, does not express this intention.
At the hearing on the permanent injunction, Edward Fitch, administrator of the Commission, testified that prior to the 1989 amendment, the practice through which sales and use taxes on motor vehicles were collected was not consistent with the then-existing provisions of La.R.S. 47:303 B(3)[6]. After Fitch discussed this discrepancy with various officials in state government, it was decided that the easiest means of resolving this conflict would be to amend the statute as to motor vehicles rather than attempt to begin collecting the tax on motor vehicles in the same manner as provided for other items of personal property.
Mr. Fitch testified that he then contacted then-Senator Sidney Nelson[7] seeking assistance in introducing legislation which would correct this problem. With the help of Riley Boudreaux, a senior attorney on the staff of the Louisiana Senate, legislation was drafted which amended La.R.S. 47:301 and 303 B(3)(b). Both Mr. Boudreaux and Senator *1256 Nelson testified that their intention in drafting this legislation was to codify the existing practice of the OMV with regard to the proper situs for imposition of the local tax on motor 17vehicles[8]. There was apparently no discussion prior to passage of this legislation as to whether this statute by its language would mandate that the OMV collect local sales and use taxes; therefore, we have no indication as to whether the legislature sought to impose such a requirement.
In Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984), we stated:
When interpreting a law ..., the court should give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subjeet. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker.
Id., at 1360. (Citations omitted).
Based upon our reading of the statute in its entirety, and other relevant provisions of law, particularly Art. VI, § 29 and Art. VII, § 3[9] of the Louisiana Constitution of |g!974, it is our conclusion that the trial judge erred in his determination that La.R.S. 47:303 B(3)(b)(ii) mandates that the State must collect sales and use taxes levied by political subdivisions on motor vehicles. See, B. Oreck, Louisiana Sales & Use Taxation *1257 § 5.5, n. 53 (1992). It is our belief that the mandatory language which directs that the OMV shall collect the local tax applies only to those situations where the political subdivision has entered into an agreement with the OMV for collection of the tax on its behalf. In such instances, the statute designates the vehicle commissioner as the official authorized to collect the tax. Any other interpretation would be violative of Article VI, § 29 of the Louisiana Constitution of 1974.
*1256 Section 3. (A) The legislature shall prohibit the issuance of process to restrain the collection of any tax. It shall provide a complete and adequate remedy for the prompt recovery of an illegal tax paid by a taxpayer.
(B)(1) Notwithstanding any contrary provision of this constitution, sales and use taxes levied by political subdivisions shall be collected by a single collector for each parish. On or before July 1, 1992, all political subdivisions within each parish which levy a sales and use tax shall agree between and among themselves to provide for the collection of such taxes by a single collector or a central collection commission. The legislature, by general law, shall provide for the collection of sales and use taxes, levied by political subdivisions, by a central collection commission in those parishes where a single collector or a central collection commission has not been established by July 1, 1992.
(2) The legislature, by local law enacted by two-thirds of the elected members of each house of the legislature, may establish an alternate method of providing for a single collector or a central collection commission in each parish.
(3) Except when authorized by the unanimous agreement of all political subdivisions levying a sales and use tax within a parish, only those political subdivisions levying a sales an use tax shall be authorized to act as the single collector or participate on any commission established for the collection of such taxes.
(4) The legislature shall provide for the prompt remittance to the political subdivisions identified on the taxpayers' returns of funds collected pursuant to the provisions of this Paragraph by a single collector or under any other centralized collection arrangement.
(5) The provisions of this Paragraph shall not apply in those parishes which have a single collector or a centralized collection arrangement as of July 1, 1992.
*1257 We do not believe that our ruling in this matter will significantly hinder the collection of sales and use taxes on motor vehicles in this state. Appellees are correct in their assertion that the issuance of a title by the State is key to the entire system. Because the statute provides that the motor vehicle commissioner cannot issue a title or vehicle registration license absent evidence that the local tax has been paid, it should make little difference to the motor vehicle commissioner whether these taxes are paid locally, or paid along with the state taxes to the vehicle commissioner for remittance back to local governments.
We wholeheartedly concur with appellees’ assertion in brief that “the issue [in this matter] is not how well the taxes are being collected, the issue is who should collect them.” Under the clear language of Article VI § 29, the power to collect local taxes is vested in local governments. In the event local governments elect to collect these taxes themselves, they must convince local residents that such action is in their best interests. If, as appellees contend, the collection of local taxes by local officials results in inconvenience, confusion and delays to the taxpayers of Caddo Parish and other similarly situated jurisdictions, then the taxpayers’ remedy is to urge their elected officials to reenter into a contract with the motor | ¡vehicle commissioner for collection of the tax.
APPROPRIATENESS OF INJUNCTIVE RELIEF
In its remaining assignment of error, the Commission asserts that the “stay order” issued by the trial court which prohibited the Commission from collecting the local sales and use tax on motor vehicles was, in actuality, an injunction or temporary restraining order. The Commission asserts that this restraining order was improperly issued both on the merits, and because it was not given proper notice and no bond was posted.
By way of response, appellees argue that the Commission has only appealed from the final judgment rendered by the trial court on November 14, 1994. Because that judgment did not address the issue of the temporary restraining order, appellees contend that this issue is not properly before this court. Alternatively, appellees argue that the stay order, temporary restraining order and preliminary injunction were all dissolved by “operation of law” when they were converted into a permanent final judgment.
It is evident from the facts presented that the “stay” sought and obtained by the LADA and the Dealers, was tantamount to a temporary restraining order. With regard to the issuance of a temporary restraining order, La.Code Civ.P. art. 3603 provides that:
Art. 3603. Temporary restraining order; affidavit of irreparable injury and notification efforts
A. A temporary restraining order shall be granted without notice when:
(1) It clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and
(2) The applicant’s attorney certifies to the court in writing the efforts which have been made to give the notice or the reasons supporting his claim that notice should not be required.
B. The verification or the affidavit may be made by the plaintiff, or by his counsel, or by his agent.
In support of their request for a temporary restraining order, the LADA and the Dealers alleged in their petition that:
The plaintiffs will suffer irreparable harm if the enforcement of the Shreveport ordinance in question is not immediately halted because they must either participate *1258 in an illegal tax collecting scheme or face the possibility of criminal penalties for fading to comply with the demands of Shreveport.
Additionally, through a supporting affidavit attached to the petition, counsel for the LADA and the Dealers asserted that due to exigent circumstances, a temporary restraining order had to be obtained without an opportunity for defendants to be heard. Counsel further asserted that representatives of all defendants had been informed as to the time at which he would appear to seek the order, and that they would be contacted by h(¡telephone at that time if possible.
While the Commission contends that the affidavit itself fails to clearly specify facts evincing immediate and irreparable injury or reasons why notice should not be given, we conclude that in cases where there is proof that a statutory violation will result, it is not necessary to establish irreparable harm. Because the Commission intended to implement the ordinance that day, and the effects of the proposed change would have been immediate, irreparable damage would have resulted from vacillating back and forth as to the manner in which local sales taxes are collected. Under these circumstances, we do not believe notice was required.
Of greater concern to this court, is the additional argument put forth by the Commission that the trial court erred in issuing the temporary restraining order, without requiring that the LADA and the Dealers provide security.
Under La.Code Civ.P. art. 3610, a temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security, except where security is dispensed with by law. Appellees have not referred to, nor has this court found, any law which would allow for dispensation of security in this ease; however, because the parties hereto proceeded with a trial on the merits which resulted in a judgment decreeing the issuance of a permanent injunction, we must agree with appellees that this issue is now moot. See Strawitz v. Town of Marksville, 77 So.2d 597, 599 (La.App. 2nd Cir.), writ denied, 3/21/55 (La.1955).
DENIAL OF DAMAGES AND ATTORNEY FEES
The Commission asserts that it is entitled to recover damages and attorney fees under La.Code Civ.P. art. 3608 for the wrongful issuance of the temporary restraining order. La.Code Civ.P. art. 3608 provides that:
The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.
Appellees argue in opposition that this article only permits the recovery of attorney’s fees in connection with a court-ordered dissolution of a preliminary injunction. Appellees contend that because the temporary restraining order and preliminary injunction were dissolved by operation of law with the rendition of a permanent injunction in the final judgment, the issue of “wrongful issuance” is not before this court. We agree.
In discussing the right of a party to recover damages and attorney fees under La.Code Civ.P. art. 3608 for the wrongful issuance of a temporary restraining order or | npreliminary injunction, the third circuit, in Fontenot v. Petmecky, 386 So.2d 702, 704 (La.App. 3rd Cir.), writ refused, 393 So.2d 747 (La.1980) opined:
A defendant in an ordinary proceeding is allowed considerably more time to answer, raise exceptions, and prepare his defense than a defendant in a summary proceeding. Presumably, the danger of there being an erroneous decision in favor of the plaintiff is thereby decreased. We believe that this is the reason why LSA-C.C.P. 3608 provides for damages for the wrongful issuance of a temporary restraining order or a preliminary injunction, but it does not provide similar damages for the wrongful issuance of a permanent injunction. A preliminary injunction may be ob *1259 tained through the use of summary proceedings under LSA-C.C.P. Art. 3602, while ordinary proceedings must be used for obtaining permanent injunctions.
Because the trial judge made the preliminary injunction permanent in his final judgment, he did not reach the issue of damages. As the inclusion of the word “may” in the language of Article 3608 indicates that an award of damages under that article is discretionary, we must conclude that the Commission is not entitled to this relief.
CONCLUSION
For the foregoing reasons, we hold that the trial judge was wrong in his interpretation that La.R.S. 47:303 B(3)(b)(ii) mandates that the State, through the motor vehicle commissioner, must collect the sales and use taxes levied by local governmental subdivisions on motor vehicles.
Accordingly, for the reasons assigned, the trial court’s ruling granting the permanent injunction is reversed, and the injunction previously granted is hereby dissolved. All costs of this appeal are assessed against ap-pellees, the LADA, the Dealers, and OMV. Costs of this appeal attributable to the State of Louisiana are $366.87.
REVERSED AND RENDERED.

. It should be noted that defendant, John Politz, Administrator of the Department of Public Safety and Corrections, Office of Motor Vehicles, of the State of Louisiana, in his answer, admitted the allegations contained in the petition filed by the LADA and Shreveport, and filed a cross-claim against the Commission and Shreveport. On appeal, John Politz, Administrator of the Department of Public Safety and Corrections, Office of Motor Vehicles, of the State of Louisiana, joins with the LADA and the Dealers as an appellee in this matter.

. La.R.S. 13:4581 provides as follows:

. Since the trial of this matter in November of 1994, the legislature, through the passage of Act 476 of 1995, amended Ae provisions of La.R.S. 47:303 B(3)(a) and (b)(i), relative to the collection of sales and use taxes on motor vehicles. The amendments resulting from this act, which became effective on June 17, 1995, when read in connection wiA the existing language of La.R.S. 47:303 B(3)(b)(ii), make it clear that where a political subdivision imposes a local tax on Ae sale or use of motor vehicles, the motor vehicle commissioner shall act as its agent and collect said tax on its behalf; however, because the constitutionality of Act 476 was not an assigned error in Ais appeal, we will not address this issue.

. La.R.S. 47:303 B(5) provides:
(5) Notwithstanding the provisions of this Section, a certificate of title or vehicle registration license may be issued to a purchaser by the secretary of the Department of Public Safety if he is so authorized in writing by the secretary of the Department of Revenue and Taxation. The secretary of the Department of Revenue and Taxation shall grant such authorization upon written application by the purchaser to said secretary showing that:
(a) all state and local taxes and fees due by the purchaser were paid in good faith at the time of purchase to a motor vehicle dealer,
(b) the motor vehicle dealer has not remitted the taxes and fees to the secretary of the Department of Public Safety,
(c) the motor vehicle dealer has refused or is unable to answer a written demand by the purchaser that the taxes and fees be paid to the secretary of the Department of Public Safety, and
(d) the certificate of title or vehicle registration license has not been issued within six months after the date of sale.
A refusal by the secretary of the Department of Revenue and Taxation to authorize the issuance of a certificate of title or a vehicle registration license may be appealed to the Board of Tax Appeals within sixty days from the date the application for a certificate of title is denied by the secretary of the Department of Revenue and Taxation.

. La.R.S. 47:303 B(3)(b) was subsequently amended again by Acts 1990, No. 427, § 1; this amendment inserted language relating to an annual audit of local sales and use taxes on motor vehicles collected by the OMV. Following this amendment, the Louisiana State Law Institute pursuant to its authority under La.R.S. 24:253, made format changes to the statute, by designating four subparagraphs under R.S. 47:303 B(3)(b). Such changes did not alter the sense, meaning or effect of the statute.

. While the local sales and use taxes imposed on most items of tangible personal property are typically collected by the seller of the property at the time and place of the sale, and remitted to the appropriate political subdivision at the location of the sale, the system for the collection of sales and use taxes on motor vehicles has operated differently. La.R.S. 47:303 B(3), prior to its amendment by Act 264 of 1989, was silent as to the manner in which the local tax was to be collected, and the practice developed that the proper situs for imposition of the local tax on motor vehicles was the purchaser’s residence, or in the case of a business vehicle, at the owner's principal place of business rather than the situs of the sale. Appellees point out that this system of collecting applicable taxes at the time of registration based upon the purchaser's residence or principal place of business as opposed to the situs of the sale, enables Louisiana to collect a tax on vehicles purchased outside of the state which are brought into Louisiana for use. Additionally, and due to the fact that not all parishes have new motor vehicle dealerships, collection of the tax based upon the purchaser's residence or principal place of business allows for a more equitable distribution of tax revenues among the political subdivisions of the state.

.At the time, Sidney Nelson represented Shreveport in the Senate and served as vice-chairman of the Revenue and Fiscal Affairs Committee.

. It should be noted that there was testimony in the record to indicate that at the time this legislation was proposed, all local governments in the state had entered into agreements with OMV for the collection of sales and use taxes imposed by them on motor vehicles.

. Art. VII, § 3 of the Louisiana Constitution of 1974 which became effective on November 20, 1991, provides as follows: