Dear Mayor Michel:
This office is in receipt of your request for an opinion of the Attorney General in regard to the hiring and firing of the Chief of Police. You indicate that the Town of Marksville is governed by a Special Charter, and you find nothing in the Town Charter or Ordinances as to who has the authority to hire and/or fire the Chief of Police. Accordingly, you ask who is the proper official for the Town of Marksville to hire and/or fire the Town's non-elected Chief of Police.
In a long line of opinions this office has recognized that the statutes for Lawrason Act communities do not apply to municipalities operating under a special legislative charter or when the special charter is silent on a subject. Atty. Gen. Op. Nos. 93-53, 92-765, 87-452, 79-235. Moreover, this office specifically observed that the Town of Marksville is governed by a special charter and that is the authority to be considered in responding to the request of who has the power to hire police, fire and all other municipal employees necessary to operate the municipal government of the Town. Atty. Gen. Op. No. 80-1526.
As set forth in your request, the latter opinion quoted the amended charter as providing as follows:
 That the said Mayor and Aldermen shall constitute a Board for the government of said town, and they shall have and possess the following powers, to wit: . . . Fifth, they shall have power to appoint a Treasurer, Secretary and Collector, and such other officers, as may be necessary for the administration of said Town of Marksville, and to require such bond and security for the faithful performance of their duties as the said Mayor and Aldermen by their by-laws may prescribe. . . .
This office then concluded, "Therefore, in accordance with the charter for the Town of Marksville, it is our opinion that the authority to hire all municipal employees is vested jointlyin the Mayor and Board of Aldermen for the Town of Marksville." (Emphasis added.)
The conclusions of this office are consistent with the decision of the court in Strawitz v. Town of Marksville,77 So.2d 597 (La.App 2nd Cir. 1955) in which it was noted that the right of the Chief Executive must be determined in accordance with the intent of the Legislature as "ascertained from the charter of the municipal in-corporation". Moreover, the court stated they could not be concerned with the provisions of general municipal statutes but "must look exclusively to the provisions of whatever legislative enactment created the Town of Marksville."
Pertinent therein to the question before us is Section 4 wherein it is provided "that the Mayor and Aldermen shall constitute a Board for the government of said town, and they have and possess the following powers, to wit: First, they shall have power to levy a tax * * *; Second, they shall possess all powers * * *; Third, they shall have power to prohibit * * *; Fourth, they shall have power to remove * * *." In the Strawitz case it was decided that the mayor could vote as a member of the governing board of the municipality, but was not authorized to cast an additional and deciding vote in the event of a tie in selection of a City Manager-Secretary Treasurer, and held that the incumbent continued to hold his office until his successor was appointed.
We find that this decision clearly supports the conclusion that the Mayor and Aldermen have the power to appoint such officers as may be necessary, including the Chief of Police, who will continue to hold his office until his successor is appointed by a majority vote of the Mayor and Aldermen.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR