Dear Mayor Avra:
This office is in receipt of your recent opinion request in which you inquire as to the steps of recourse to be taken with the former Mayor who allegedly still has keys to the town's properties and continues to use them.
This office is of the opinion that an action for trespass can be taken against the former mayor. Louisiana precedence has stated that, "trespass is the unlawful physical invasion of the property of another." See TerreAux Bouefs Land Co., Inc. v. J.R. Gray Barge Co., 811 So.2d 887. Damages from trespass must be proved by a preponderance of the evidence, and this burden of proof may be met by either direct or circumstantial evidence. See Harrington v. Abshire, 732 So.2d 677. Damages can be in the form of humiliation, aggravation, anguish or embarrassment associated with the case; it does not have to be pecuniary damages.
Another step of recourse would be for the city to file for a permanent injunction against the former mayor. A writ of injunction is a harsh, drastic, and extraordinary remedy and should only issue where the party seeking it is threatened with irreparable loss or injury without an adequate remedy at law. See Dauphine v. Carencro High School,843 So.2d 1096. According to Louisiana Civil Procedure Article 3601, "During the pendency of an action for an injunction, the court may issue a temporary restraining order. Article 3605 adds, `An order granting * * * a temporary restraining order shall describe in reasonable detail, and not by mere reference to the petition to the documents, the act or acts sought to be restrained. These articles require that the temporary restraining order be signed by the Court and that the order `describe in reasonable detail' that action sought to be restrained.
A temporary restraining order is valid for 10 days until a hearing is held to determine whether a permanent injunction should be issued. Ordinarily the defendant would have to receive notice of the process being taken against them. However in the instance that there is proof that statutory violation will result, it is not necessary to establish irreparable harm to qualify for a temporary restraining order. SeeLouisiana Auto. Dealers Ass'n v. Politz, 664 So.2d 1251
Unfortunately there may not be an action for trespassing or the possibility of obtaining a permanent injunction against the former mayor unless you can establish eyewitnesses that can account to this accusation. Without any eyewitnesses or any other circumstantial information there is not any evidence to support your claim.
We hope this sufficiently answers your inquiry, however if we can be of further assistance please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
DATE RELEASED: August 29, 2003