JaSHORTESS, C.J.
Deluxe Electronic Payment Systems, Inc. (Deluxe) filed a petition for declaratory judgment against the State of Louisiana, Department of Social Services, Office of Family Support (State), seeking to have retroactive application of Act 1483 of 1997 declared unconstitutional. Ernie A. Matherne, Dale J. Matherne, and Larry Cangelosi (Intervenors) intervened in the suit, seeking to have the act declared constitutional and damages against the State for interference with their right to do business with the State.
Deluxe moved for summary judgment, which was opposed by Intervenors but not by the State. The trial court denied the motion, stating, “It’s very difficult to render a summary judgment on a declaratory judgment. The court has no opportunity to actually hear the evidence, all of the evidence.... The court is of the opinion that there exist genuine issues of material fact which preclude summary judgment.” Deluxe applied for a writ of certiorari, which was granted.
FACTUAL BACKGROUND
Deluxe entered into a six-year contract with the State in January 1997 to design, develop, implement, and operate an on-line electronic benefits transfer (EBT) system for the State to distribute food-stamp benefits and Aid to Families with Dependent Children cash benefits. That contract, as interpreted by both Deluxe and the State, required Deluxe to provide at no cost to merchants card-reading terminals to be used exclusively for processing EBT’s. Some merchants, however, elected to use the card-processing equipment they were already using for credit and debit cards. This equipment was obtained from commercial third-party processors, who charged the retailer a fee each time the service was used.
The contract stated, “Any costs associated with transaction fees or hook-up fees at [Point of Service] networks will be borne by the contractor ....” Deluxe and the State stipulated they understood this to mean Deluxe would pay for interfaces to the Deluxe EBT Point of Service (POS) network, but they never intended to mandate that Deluxe pay any cost or expense imposed by third-party processors on retailers who elected to use those services. Act 1483 of 1997, however, provides that merchants shall have the option to use POS terminals provided by third-party processors at no cost to the merchants and that the merchants would be reimbursed for any costs incurred if bthey elected to use a commercial processing system to interface with the state EBT system.
Deluxe contends that Act 1483, if applied retroactively, would change the contract between Deluxe and the State and would cost it up to $6,000,000.00 to reimburse merchants for third-party processing fees. It argues that this would be a violation of the Contract Clauses of the United States and Louisiana constitutions.
APPLICABLE LAW
The Contract Clauses of the United States and the Louisiana constitutions limit the Louisiana legislature’s power to enact retroactive laws. The Contract Clause, Article I, section 10, of the United States Constitution provides, “No State shall ... pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts_” Article I, section 28, of the Louisiana Constitution also prohibits the enactment of laws impairing the obligation of contracts: “No bill of attainder, ex post facto law, or law impairing the obligation of contracts shall be enacted.”
These prohibitions apply to the citizens, but not the State. The State may constitutionally pass retrospective laws waiving or impairing its own rights or those of its subdivisions, or imposing upon itself new liabilities with respect to transactions already passed, as long as private rights are not infringed.[1] Deluxe contends retroactive application of Act 1483 will infringe upon its rights by forcing it to pay transaction fees not accounted for when making its bid.
Intervenors contend, however, that the State has the ability to change the con *1101 tract constitutionally under its inherent police powers. Although the language of the state and federal contract clauses is facially absolute, the prohibition must be accommodated to the State’s inherent police power to safeguard the vital interests of its people.[2] To determine whether a law violates the Contract Clause, the court must conduct a four-step analysis and determine: 1) whether the law impairs a contractual relationship; 2) whether the impairment is of constitutional dimension; 3) whether a significant and legitimate public purpose justifies the regulation; and 4) whether the adjustment of the rights and responsibilities of the contracting parties is based upon [¿reasonable conditions and is of a character appropriate to the public purpose justifying the legislation’s adoption.[3] These inquiries must be based on facts that are not present in the record before the trial court.
Deluxe contends the trial court applied the wrong standard when stating it is very difficult to render summary judgment in a declaratory judgment action. We agree with Deluxe that summary judgment is often appropriate in declaratory judgment actions, particularly where the sole issue is a legal one.[4] In this case, however, there were mixed issues of law and fact, and genuine issues remain as to the facts needed to determine the legal issues.
For this reason, the trial court was correct in denying the motion for summary judgment. Genuine issues of material fact remain regarding the extent of the impairment, the public purpose, if any, behind the regulation, the historical background of regulation, and, if there is a legitimate public purpose, whether the alteration of the contract is reasonable and appropriate to the public purpose justifying the law. We hereby recall the writ and remand this matter to the trial court for further proceedings in accordance with this opinion.
WRIT RECALLED; REMANDED.

. Roussetle v. Plaquemines Parish School Bd., 93-1916, p. 15 (La.2/28/94), 633 So.2d 1235, 1247.

. Energy Reserves Group v. Kansas Power & Light Co., 459 U.S. 400, 410, 103 S.Ct. 697, 704, 74 L.Ed.2d 569 (1983); Segura v. Frank, 93-1271, p. 20 (La.1/14/94), 630 So.2d 714, 728, cert. denied, 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994).

. Energy Reserves, 459 U.S. at 410-13, 103 S.Ct. at 704-05; Segura, 630 So.2d at 729.

.See, e.g., Caddo-Shreveport Sales & Use Tax Comm’n v. Office Of Motor Vehicles, 97-2233 (La.4/14/98), 710 So.2d 776; Lafayette Parish School Bd. v. State, 97-519 (La.App. 3d Cir. 10/29/97), 701 So.2d 734.