Dear Ms. Condon:
On behalf of the Town of New Llano (the "Town"), you requested the opinion of this office as to whether or not a municipality can levy a motel occupancy tax on its own. Please be advised as follows:
The Louisiana Supreme Court in Gallaspy v. Washington Parish PoliceJury, et al., 94-1434 (La. 11/30/94), 645 So.2d 1139, held that a tax on the occupancy of hotel rooms, motel rooms and overnight camping facilities was a sales tax, and because said sales tax had not been authorized by the electorate in accordance with Article VI, Section 29
of the Louisiana Constitution, it was unconstitutional.
As a consequence of the Gallaspy decision, the Louisiana Legislature enacted R.S. 33:4574, et seq., which authorized the creation of tourist commissions as special districts within certain parishes and the imposition of a sales tax for their operations. The legislation also authorized the imposition of a sales tax on hotel-motel occupancy by parishes, but did not address the ability of a municipality to levy a sales tax on hotel-motel occupancy. Thus we are constrained to follow the general law of sales taxes.
The power of taxation resides in the state legislature, except as otherwise provided in the constitution. LSA-Const. art. VII, Sec. 1(A). With respect to taxation, local governments possess only those powers granted to them by the state constitution or statutes. Caddo-ShreveportSales and Use Tax Com'n v. Office of Motor Vehicles Through Dept. ofPublic Safety and Corrections, 97-2233 (La. 4/14/98), 710 So.2d 776,779; Radiofone, Inc. v. City of New Orleans, 93-0962 (La. 1/14/94),630 So.2d 694, 696. In Article VI, § 29(A), the Louisiana Constitution authorizes local taxing authorities to "levy and collect a tax upon the sale at retail . . . of tangible personal property. . . ." The purpose of a state sales and use tax scheme is to make the sale or use of all tangible personal property subject to a uniform tax burden, regardless of whether it is acquired inside the state and subject to a sales tax or acquired outside the state and subject to a a use tax. See J. Ray McDermott, Inc. v. Morrison, 96-2337 (La.App. 1st Cir. 11/7/97), 705 So.2d 195, 200, writs denied, 97-3055, 97-3062 (La. 2/13/98), 709 So.2d 753, 754; A.M.A. Distributors, Inc., et al. v.The School Board of the Parish of Iberville, et al., 98-0373 (La.App. 1 Cir. 4/1/99), 729 So.2d 765; Cox Cable New Orleans, Inc. v. The Cityof New Orleans, et al., 624 So.2d 890 (La. 1993).
The only specific authority which we were able to find authorizing a municipality to levy a hotel occupancy tax is found in R.S. 33:2740.43, which applies to municipalities having a population of less than ten thousand persons and in which a riverboat is authorized to conduct gaming activities pursuant to R.S. 27:41 et seq. It is our understanding that no riverboat is authorized to conduct gaming activities in the Town.
However, if the sales tax currently levied within the limits of the Town does not exceed three percent, the Town could enact a sales tax, if approved by the voters, in accordance with R.S. 47:301, et seq. It is our understanding that no riverboat is authorized to conduct gaming activities in the Town.
Accordingly, it is the opinion of this office that the Town can not levy a hotel occupancy tax, even with a vote of the people, unless the tax is a sales tax on all transactions subject to sales tax or unless the legislature enacts legislation specifically authorizing municipalities to levy a hotel occupancy tax.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ MARTHA S. HESS Assistant Attorney General