# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #075

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **6th day of December, 2016**, are as follows:

**BY CRICHTON, J.**:

2016-CA-1132      ARROW AVIATION COMPANY, LLC v. ST. MARTIN PARISH SCHOOL BOARD, SALES TAX DEPARTMENT, CARLA RICHARD, ADMINISTRATOR (Parish of St. Martin)

We remand this case to the district court for further proceedings consistent with this opinion.
AFFIRMED; REMANDED.

**12/06/16**

**SUPREME COURT OF LOUISIANA**

**NO. 2016-CA-1132**

**ARROW AVIATION COMPANY, LLC**

**VERSUS**

**ST. MARTIN PARISH SCHOOL BOARD**
**TAX SALES DEPT.**

**APPEAL FROM THE 16TH JUDICIAL DISTRICT COURT, PARISH OF ST. MARTIN**

**CRICHTON, Justice.**

Under the Louisiana Constitution, La. Const. art. VI, § 29(D)(1), the legislature may provide for exemptions and exclusions from sales or use taxes for local tax authorities—such as parishes. At issue in this case is a tax exclusion, La. R.S. 47:301(14)(g)(i)(bb), which provides exclusions from state and local sales tax of charges for repairs on certain property that is delivered to customers out of state. At the local tax level, the 2013 version of this tax exclusion is mandatory for tax authorities in East Feliciana Parish and optional for all other parishes, municipalities and school boards. The question before us is, when the legislature enacts a tax exclusion, whether La. Const. art. VI, § 29(D)(1) requires the legislature to *treat* tax authorities in all parishes the same *or* to make tax authorities in all parishes *act* the same. We hold that this uniformity provision of the constitution—based on its plain and unambiguous meaning—requires that a legislative tax exclusion treat tax authorities in all parishes the same.

We find La. R.S. 47:301(14)(g)(i)(bb), as amended in 2013, to be unconstitutional because tax authorities in all parishes are not required to apply the tax exclusion in the same form, manner, or degree. However, the portion of this statutory provision—mandating tax authorities in East Feliciana Parish apply the

exclusion—is severable from the rest. Therefore, we sever this portion, leaving the balance of the statutory provision unchanged. Accordingly, we affirm the district court ruling and remand this matter to the district court for further proceedings.

## BACKGROUND

The St. Martin Parish School Board Sales Tax Department (the "Collector") inspected the tax returns of Arrow Aviation Company, LLC ("Arrow")—a company that does business in St. Martin Parish. Arrow leases and repairs helicopters, including shipping repaired helicopters to customers outside of Louisiana. From January 1, 2010 to December 31, 2012 (the "audit period"), the Collector found that Arrow failed to pay a use tax and charge a parish sales tax to its customers. Because of these findings, the Collector sent a notice of intent to assess Arrow for additional tax ($472,971.22),[1] penalties ($118,242.80), and interest ($173,712.12).

Under protest, Arrow paid the full amount ($764,926.14). Arrow then filed a petition to recover the amount paid to the Collector, claiming the Collector failed to apply a legislative tax exclusion, La. R.S. 47:301(14)(g)(i)(bb) (the "exclusion"), which excludes from state and local sales tax the charges for repairs on certain property that is delivered to customers out of state. When Arrow delivered repaired helicopters to customers located in other states, it did not charge a sales tax. Arrow specifically disputed whether it should have to charge out-of-state customers the parish sales tax. However, the Collector's cross-petition claimed that none of the tax authorities in St. Martin Parish adopted the exclusion.

Both parties also sought declarations on the constitutionality of the exclusion. Under the Louisiana Constitution, the legislature may provide for "exclusions uniformly applicable to the taxes of all local governmental

---

[1] The parties dispute whether the Collector's assessed tax includes both sales and use tax. In this case, only the sales tax is germane because at issue is the application of an exclusion from the sales tax.

2

subdivisions, school boards, and other political subdivisions whose boundaries are not coterminous with those of the state." La. Const. art. VI, § 29(D)(1). The parties disagreed on the interpretation of this constitutional provision. Further, because the exclusion was amended during and after the audit period, the parties also disagreed on what versions of the exclusion raise constitutional concerns.

After the parties filed motions for partial summary judgment, the district court ruled in favor of the Collector. The district court found that *during* the audit period the Collector did not have to apply the exclusion to its assessment of Arrow. Further, the district court found that the 2013 version of the exclusion is unconstitutional. Specifically, the 2013 version of the exclusion is unconstitutional because it mandates that East Feliciana Parish grant the exclusion, while at the same time gives other parishes the option to grant the exclusion. The district court then severed the mandatory language applicable to East Feliciana Parish. The effect, going forward, is tax authorities in St. Martin Parish do not have to apply the exclusion authorized by La. R.S. 47:301(14)(g)(i)(bb).

Arrow then directly appealed to this Court. This case falls within the Court's appellate jurisdiction under La. Const. art. V, § 5(D), which provides in part that a case shall be appealable to this Court "if . . . a law or ordinance has been declared unconstitutional . . . ."

## DISCUSSION

Under the Louisiana Constitution, Article VI, Section 29(D) governs the legislature's power to enact tax exclusions. Section 29(D)(1) limits the legislature's authority to enacting tax exclusions that are "*uniformly applicable* to the taxes of all local governmental subdivisions, school boards, and other political subdivisions." But it does not require the tax exclusions to be *uniformly applied* by these local tax authorities. In 2013, the legislature amended the exclusion provided for in La. R.S. 47:301(14)(g)(i)(bb)—which was previously optional for all

3

parishes, municipalities, and school boards—to make it mandatory for tax authorities in East Feliciana Parish. For the following reasons, we affirm the district court ruling that declared the 2013 amendment to La. R.S. 47:301(14)(g)(i)(bb) to be unconstitutional and severed the mandatory language in this statutory provision applicable to tax authorities in East Feliciana Parish.

**_The Uniformity Requirement under La. Const. art. VI, § 29(D)(1)._**

Relying on La. Const. art. VI, § 29(D)(1), both parties argue the constitution requires some form of uniformity for a legislative tax exclusion. Although mentioned previously by the Court in *BP Oil. Co. v. Plaquemines Parish Gov't*, 93-1109 (La. 9/6/94), 651 So.2d 1322, 1337 (on reh'g (La. 10/13/94)), we declined to interpret the uniformity requirement of then Article VI, Section 29(D) because it was not necessary to resolving the issue before the Court.[2] Arrow argues the legislature cannot provide for an exclusion that is not uniformly applied. In contrast, the Collector argues the legislature can provide for all parishes to have the option to offer the exclusion, but the form of that option must be the same for all parishes.

The starting point in interpreting a constitutional provision is its language. *Ocean Energy, Inc. v. Plaquemines Par. Gov't*, 04-0066, pp. 6–7 (La. 7/6/04), 880 So.2d 1, 7. When a constitutional provision is plain and unambiguous and its application does not lead to absurd consequences, its language must be given effect. *Id.* An unequivocal constitutional provision should be applied by giving words their generally understood meaning. *Id.* But where the constitutional

---

[2] After the *BP Oil* decision, Section 29(D) was amended by 1996 La. Act No. 46, § 1, approved by voters on November 5, 1996, and became effective on December 11, 1996, which amended the language in paragraph (D) and added items (1) through (3). The previous version of paragraph D read:

> Except when bonds secured thereby have been authorized, the legislature by law may uniformly exempt or exclude any goods, tangible personal property, or services from sales or use taxes levied by local governmental subdivisions, school boards, and the state.

4

provision is subject to more than one reasonable interpretation, a court must determine the intent of the provision. *Id.*

In its entirety, Section 29(D), governing exclusions and protection of bonds, states:

> Except when bonds secured thereby have been authorized, the legislature may provide for the exemption or exclusion of any goods, tangible personal property, or services from sales or use taxes only pursuant to one of the following:
>
> (1) Exemptions or exclusions uniformly applicable to the taxes of all local governmental subdivisions,[3] school boards, and other political subdivisions[4] whose boundaries are not coterminous with those of the state.
>
> (2) Exemptions or exclusions applicable to the taxes of the state or applicable to political subdivisions whose boundaries are coterminous with those of the state, or both.
>
> (3) Exemptions or exclusions uniformly applicable to the taxes of all the tax authorities in the state.

As previously indicated, we are called on to interpret the uniformity requirement in Section 29(D)(1).[5] Therefore, the issue presented is the meaning of a legislative tax exclusion being "uniformly applicable to the taxes of all local governmental subdivisions, school boards, and other political subdivisions whose boundaries are not coterminous with those of the state."

We hold that the plain and unambiguous meaning of this constitutional provision is that a legislative tax exclusion must treat "all local governmental

---

[3] "'Local governmental subdivision' means any parish or municipality." La. Const. art. VI, § 44(1).

[4] "'Political subdivision' means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions." La. Const. art. VI, § 44(2).

[5] A parish is a local governmental subdivision or a political subdivision. *See* La. Const. art. VI, § 44(1)–(2). Therefore, at issue here is Section 29(D)(1) because the dispute centers on the required parish-to-parish uniformity.

subdivisions, school boards, and other political subdivisions" the same. Otherwise, it is prohibited by the constitution.[6]

This holding conforms to the generally understood meaning of the words "uniform" and "applicable." "Uniform" means "having always the same form, manner, or degree," and "applicable" means "able to be applied or used in a particular situation." Merriam-Webster's Online Dictionary (2016), http://www.merriam-webster.com/. Within the context of Section 29(D)(1), "uniformly applicable" means "*all* local governmental subdivisions, school boards, and other political subdivisions" must *be able to apply* a legislative tax exclusion in the *same form, manner, or degree*. (emphasis added).

Under Arrow's interpretation, if one parish adopts a permissive tax exclusion, then every other parish must adopt the tax exclusion. But this interpretation is flawed. First, this interpretation ignores the fact that Section 29(D) is a limitation on the *legislature*, not on local tax authorities. That is, because Section 29(D) imposes a limitation on the legislature when establishing a tax exclusion, *see Caddo-Shreveport Sales & Use Tax Comm'n v. Office of Motor Vehicles Through Dep't of Pub. Safety & Corr. of State*, 97-2233 (La. 4/14/98), 710 So.2d 776, 779, this constitutional provision does not go as far as to compel statewide local tax authorities to apply a permissive tax exclusion.

Second, permitting one local tax authority to direct the actions of another would undermine each authority's power to tax. *See* La. Const. art. VI, § 29(A)[7]

---

[6] To the extent that language in *Anthony Crane Rental, L.P. v. Fruge*, 02-0635 (La. App. 3 Cir. 12/11/02), 833 So.2d 1070, reversed in part on other grounds, 03-0115 (La. 10/21/03), 859 So.2d 631, can be interpreted differently, we find it to be incorrect.

[7] Concerning the authority to impose a sales tax, La. Const. art. VI, § 29(A) provides:

> Except as otherwise authorized in a home rule charter as provided for in Section 4 of this Article, the governing authority of any local governmental subdivision or school board may levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined by law, if approved by a majority of the electors voting thereon in an election held for that

(constitutional grant to local governmental subdivisions and school boards the power to levy and collect taxes). This would be inconsistent with the overall Louisiana local tax scheme, which only imposes "uniformity to the extent possible in the assessment, collection, administration, and enforcement of the sales and use taxes imposed by taxing authorities . . . ." La. R.S. 47:337.2(A)(1)(b). Optional tax exclusions and exemptions are allowed. La. R.S. 47:337.10 (paragraph (D)(3)(F) references the exclusion at issue in this case).

In sum, La. Const. art. VI, § 29(D)(1) requires that a legislative tax exclusion treat "all local governmental subdivisions, school boards, and other political subdivisions" the same. It does not mean that all these local tax authorities must uniformly apply a legislative tax exclusion.

*The Exclusion*

With the evaluation of this constitutional provision in mind, we turn to the tax exclusion at issue in this case, La. R.S. 47:301(14)(g)(i)(bb),[8] which has been amended several times. For sales and use tax purposes, "sales of service" is defined in La. R.S. 47:301(14). Under paragraph (g)(i)(bb), the "charges for the furnishing of [certain] repairs" are excluded from the definition of "sales of services." Because the versions of the exclusion before the Court are clear and unambiguous, we apply them as written. *See* La. R.S. 1:4; *see also* La. C.C. art.

---

purpose. The rate thereof, when combined with the rate of all other sales and use taxes, exclusive of state sales and use taxes, levied and collected within any local governmental subdivision, shall not exceed three percent.

[8] By 2015 La. Act No. 1, § 1, ("2015-amendment"), the legislature amended the exclusion. This amendment designated the exclusion at issue in this case as La. R.S. 47:301(14)(g)(i)(bb)(I) and added sub item (II):

> For purposes of the sales and use tax levied by the tax authorities in Calcasieu Parish, charges for the furnishing of repairs to aircraft shall be excluded from sales of services, as defined in this Subparagraph, provided that the repairs are performed at an airport with a runway that is at least ten thousand feet long, one hundred sixty feet wide, and fourteen inches thick.

We note that the latter provision is not currently before the Court.

7

9.[9]

In its most recent form, the exclusion in question states: [10]

> For purposes of the sales and use tax levied by **the state and by tax authorities in East Feliciana Parish**, charges for the furnishing of repairs to tangible personal property **shall be excluded from sales of services**, as defined in this Subparagraph, when the repaired property is (1) delivered to a common carrier or to the United States Postal Service for transportation outside the state, or (2) delivered outside the state by use of the repair dealer's own vehicle or by use of an independent trucker. However, as to aircraft, delivery may be by the best available means. This exclusion shall not apply to sales and use taxes levied by any other parish, municipality or school board. However, **any other parish, municipality or school board may apply the exclusion** as defined in this Subparagraph to sales or use taxes levied by any such parish, municipality, or school board. Offshore areas shall not be considered another state for the purpose of this Subparagraph.

La. R.S. 47:301(14)(g)(i)(bb) as amended by 2013 La. Act No. 172, § 1, effective July 1, 2013 ("2013-amendment") (emphasis added).

As emphasized in the quoted text, the exclusion is mandatory for the state and tax authorities in East Feliciana Parish because the statutory language provides that the "charges for the furnishing of [certain] repairs . . . *shall* be excluded from sales of services." (emphasis added). But the exclusion is permissive for all other local tax authorities because the statute goes on to provide "any other parish, municipality or school board *may* apply the exclusion." *See* La. R.S. 1:3 ("The word 'shall' is mandatory and the word 'may' is permissive.").

The exclusion was not always worded as quoted above. During the audit period, the exclusion was permissive for *all* named tax authorities. *See* La. R.S.

---

[9] Although tax exclusions are "construed liberally in favor of the taxpayers and against the taxing authority," *Harrah's Bossier City Inv. Co., LLC v. Bridges*, 09-1916, p. 10 (La. 5/11/10), 41 So.3d 438, 446, this presumption does not apply here because this case involves a determination of the constitutionality, and not simply an interpretation, of the exclusion. *See Ocean Energy*, 880 So.2d at 7, n.2. (stating that the constitutional limitation on the taxing power of local governments is "not the same as a tax exemption that exempts certain property from taxation" and so the interpretive presumption of tax exemptions is inapplicable).

[10] As previously noted, this exclusion was redesignated as La. R.S. 47:301(14)(g)(i)(bb)(I) in 2015.

47:301(14)(g)(i)(bb) as amended by 2007 La. Act No. 173, §1 ("2007-amendment");[11] *see also* La. R.S. 47:301(14)(g)(i)(bb) as amended by 2011 La. 1st Ex. Sess. Act No. 42, § 1 ("2011-amendment").[12] Specifically, the 2007-amendment provided "charges for the furnishing of [certain] repairs . . . may be excluded from sales of services" "by the state and by tax authorities in the parishes with a [defined population]." It also stated "any other parish, municipality, or school board may apply the exclusion . . . ." In the 2011-amendment, the legislature replaced the population requirement with East Feliciana Parish. But again, in the 2007-amendment and 2011-amendment, the exclusion was **permissive** for all named tax authorities, as well as other unnamed local tax authorities.

After the audit period, in 2013 the legislature again amended La. R.S. 47:301(14)(g)(i)(bb) by 2013 La. Act No. 172 ("2013-amendment"). The

---

[11] *See* La. R.S. 47:301(14)(g)(i)(bb) (2007), which provided:

> For the purposes of the sales and use tax levied by the state **and by tax authorities in the parishes with a population between twenty-one thousand three hundred and twenty-one thousand four hundred and fifty according to the most recent federal decennial census**, charges for the furnishing of repairs to tangible personal property **may** be excluded from sales of services, as defined in this Subparagraph, when the repaired property is delivered to the customer in another state either by common carrier or the repair dealer's own vehicle, however, as to aircraft, delivery may be by the best available means. This exclusion shall not apply to sales and use taxes levied by another parish, municipality, or school board. **However, any other parish, municipality, or school board may apply the exclusion** as defined in this Subparagraph to the sales and use taxes levied by any such parish, municipality, or school board. Offshore areas shall not be considered another state for the purposes of this Subsection. (emphasis added).

[12] *See* La. R.S. 47:301(14)(g)(i)(bb) (2011), which provided:

> For the purposes of the sales and use tax levied by the state **and by tax authorities in East Feliciana Parish**, charges for the furnishing of repairs to tangible personal property **may** be excluded from sales of services, as defined in this Subparagraph, when the repaired property is delivered to the customer in another state either by common carrier or the repair dealer's own vehicle, however, as to aircraft, delivery may be by the best available means. This exclusion shall not apply to sales and use taxes levied by any other parish, municipality, or school board. However, **any other parish, municipality, or school board may apply the exclusion** as defined in this Subparagraph to the sales and use taxes levied by any such parish, municipality, or school board. Offshore areas shall not be considered another for the purpose of this Subparagraph. (emphasis added).

exclusion was amended to provide that "charges for the furnishing of [certain] repairs . . . **shall** be excluded from the sales of services" in connection with "sales and use tax levied by the state and by tax authorities in East Feliciana Parish." *Id.* (emphasis added). Therefore, in the 2013-amendment, the state and tax authorities in East Feliciana Parish *must* apply the exclusion, while "any other parish, municipality, or school board" *may* apply the exclusion.

### Constitutionality of the Exclusion

To properly analyze the constitutionality of the exclusion, we note there is a "strong presumption that the Legislature in adopting a statute has acted within its constitutional powers." *Bd. of Directors of La. Recovery District v. All Taxpayers, Property Owners and the Citizens of the State of Louisiana*, 529 So.2d 384, 387 (La. 1988). Thus, "it must be shown clearly and convincingly that it was the constitutional aim to deny the Legislature the power to enact the statute." *Id.* at 388.

Preliminarily, we reject Arrow's assertion that La. Const. art. VI, § 29(D)(1) applies to some, but not all, tax exclusions. Because provisions in the constitution "are limitations on the otherwise plenary power of the people exercised through the legislature," *Caddo-Shreveport Sales & Use Tax Comm'n*, 710 So.2d at 779., all legislative tax exclusions are subject to Section 29(D)(1).

During the audit period, the 2007-amendment and 2011-amendment are applicable. In those amendments, *all* named tax authorities had the option to apply the exclusion, like the unnamed local tax authorities. Therefore, under La. Const. art. VI, § 29(D)(1), both are constitutional because tax authorities in all parishes could apply the exclusions in the same form, manner, or degree. That is, both amendments treated all local tax authorities the same. Even so, Arrow's as-applied constitutional challenge requests that this Court mandate the Collector offer the exclusion to Arrow. Arrow believes this is an appropriate remedy because it

claims some, but not all, parishes applied the exclusion. But, as already stated, the constitution does not require this degree of uniformity. Nothing in La. Const. art. VI, § 29(D)(1) requires tax authorities in all parishes to apply the same exclusions—it only requires that the legislature uniformly authorize tax authorities in all parishes to offer the same exclusions. The Collector, therefore, during the audit period did not have to offer the exclusion to Arrow.

Turning to after the audit period, only the 2013-amendment is relevant. In addition to Arrow's as-applied constitutional challenge, the Collector argues the 2013-amendment is facially unconstitutional.[13] *See LaPointe v. Vermilion Parish School Bd.*, 15-0432, p. 10 (La. 6/30/15), 173 So.3d 1152, 1159–60 (noting a facial constitutional challenge requires proof that "no set of circumstances exists under which the statute would be valid, that is, that the law is unconstitutional in all its applications."). Because of the uniformity requirement in La. Const. art. VI, § 29(D)(1), tax authorities in all parishes are left to wonder if they, like those in East Feliciana Parish, must apply the exclusion.

We find the 2013-amendment does not treat all local governmental subdivisions, school boards, and other political subdivisions the same because tax authorities in all parishes are not able to apply the exclusion in the same form, manner, or degree. That the exclusion is mandatory for tax authorities in East Feliciana—but optional for tax authorities in all other parishes—is an example of non-uniformity prohibited by the constitution. Therefore, we, like the district court, hold that, under La. Const. art. VI, § 29(D)(1), the exclusion provided for in La. R.S. 47:301(14)(g)(i)(bb), as amended in 2013, is unconstitutional.

---

[13] Both parties have standing to challenge the constitutionality of the 2013-amendment. *See City of Baton Rouge/Par. of E. Baton Rouge v. Myers*, 13-2011, p. 10 (La. 5/7/14), 145 So.3d 320, 330–31. ("To have standing, a party must complain of a constitutional defect in the application of the statute to himself, not of a defect in its application to third parties in hypothetical situations."). The non-uniformity in the 2013-amendment is a constitutional defect that applies to both parties.

In doing so, we are mindful of the strong presumption to construe a statute to preserve its constitutionality. *See Bd. of Directors of La. Recovery District*, 529 So.2d at 387. But it is also this Court's duty to interpret and apply the constitution, which is the "supreme law of this state to which all legislative instruments must yield." *Louisiana Fed'n of Teachers v. State*, 13-0120, 13-0232, 13-0350, p. 22 (La. 5/7/13), 118 So.3d 1033, 1048. We find the district court correctly ruled on the constitutionality of the 2013-amendment.

*Severability*

Because we find that a portion of the 2013-amendment violates Article VI, Section 29(D)(1) of the Louisiana Constitution, next we must decide what effect this has on the statute.

The unconstitutionality of one portion of a statute does not necessarily render the entire statute unenforceable. *World Trade Ctr. Taxing Dist. v. All Taxpayers, Prop. Owners*, 05-0374, p. 21 (La. 6/29/05), 908 So.2d 623, 637. If the offending portion of the statute is severable from the remainder, this Court may strike only the offending portion and leave the remainder intact. *Pierce v. Lafourche Par. Council*, 99-2854, p. 9 (La. 5/16/00), 762 So.2d 608, 615. But where the purpose of the statute is defeated by the invalidity of the offending portion, the entire statute is void. *World Trade Ctr. Taxing Dist.*, 908 So.2d at 638. To decide whether a portion of a statute is severable, the question is whether the legislature would have passed the statute had it been presented with the invalid features removed. *Id.* at 637.

Here, the constitutionally offensive portion of the La. R.S. 47:301(14)(g)(i)(bb) (2013) is the portion mandating tax authorities in East Feliciana Parish apply the exclusion. We find that this portion of the exclusion is severable because the legislature's 2007 and 2011 versions of the exclusion did not mandate that tax authorities in East Feliciana Parish apply the exclusion. The

purpose of the statute, therefore, is not dependent on the unconstitutional portion. *See World Trade Ctr. Taxing Dist.*, 908 So.2d at 638. Thus, the district court properly ordered the severing of the offending mandatory language of the exclusion applicable to tax authorities in East Feliciana Parish.

## CONCLUSION

The Louisiana Constitution limits the legislative authority to provide tax exclusions for local tax authorities. Under La. Const. art. VI, § 29(D)(1), a legislative tax exclusion must treat all local tax authorities the same. Because La. R.S. 47:301(14)(g)(i)(bb) (2013) mandates that tax authorities in East Feliciana Parish apply the exclusion—but for tax authorities in all other parishes application of the exclusion remains optional—La. R.S. 47:301(14)(g)(i)(bb) (2013) is unconstitutional. Consequently, the offending mandatory language in La. R.S. 47:301(14)(g)(i)(bb) (2013) applicable to tax authorities in East Feliciana Parish is severed.

## DECREE

The following rulings by the district court are affirmed: The denial of Arrow's motion for partial summary judgment; the grant of the Collector's cross-motion for partial summary judgment; the declaration that, during the audit period, La. R.S. 47:301(14)(g)(i)(bb) as enacted and effective prior to July 1, 2013, was not unconstitutionally applied by the Collector to Arrow in violation of La. Const. art. VI, §29(D)(1); and the declaration that the portion of La. R.S. 47:301(14)(g)(i)(bb), as amended by 2013 La. Act No. 172, effective July 1, 2013, making it mandatory for tax authorities in East Feliciana Parish to exclude repairs to tangible personal property from the definition of "sales of services" when the repaired property is delivered out of state, while permitting—but not requiring— other parishes to grant the same exclusion, is unconstitutional on its face in violation of La. Const. art. VI, § 29(D)(1), and the offending mandatory language

13

in La. R.S. 47:301(14)(g)(i)(bb) (2013), applicable to tax authorities in East Feliciana Parish, should be severed and is hereby removed.

We remand this case to the district court for further proceedings consistent with this opinion.

**AFFIRMED; REMANDED**.