SAUNDERS, JUDGE, dissenting.
This case arises out of an amendment to the Lafayette City-Parish Consolidated Government Home Rule Charter (Amended Charter), ratified and promulgated in December 2018, that contained deficinecies in certain city and parish council district descriptions. At issue herein is the constitutionality of an ordinance adopted by the Lafayette City-Parish Council to cure these deficiencies. The majority finds the ordinance is a valid exercise of the council's reapportionment power. For the following reasons, I respectfully disagree.
"Just as the Constitution is the supreme law of the state, home rule charters are the supreme law of home rule charter jurisdictions, subordinate only to the constitution and constitutionally allowed legislation." Montgomery v. St. Tammany Parish Gov't by & through St. Tammany Parish Council , 17-1811, p. 7 (La. 6/27/18), --- So.3d ----.[1] As a document founded on the will of the people, a home rule charter can only be amended "when approved by a majority of the electors voting thereon at an election held for that purpose." La.Const. art. 6, § 5 (C). Once approved, an amendment becomes the prevailing law of the land, "to which all legislative acts and all ordinances, rules, and regulations of creatures of the legislature must yield." Caddo-Shreveport Sales and Use Tax Comm'n v. Office of Motor Vehicles Through Dep't Of Pub. Safety and Corr. of the State , 97-2233, p. 6 (La. 4/14/98), 710 So.2d 776, 780.
Although the majority looks to the proposition presented to the voters so to ascertain the voters' intent, the voters did not adopt the proposition. Rather, they adopted the Amended Charter as proposed by the Lafayette City-Parish Council in Ordinance O-121-2018. The language of the Amended Charter in Ordinance O-121-2018, not the language of the proposition, is paramount and prevailing "to which all legislative acts and all ordinances, rules, and regulations of creatures of the legislature must yield." Id. By their vote, a majority of the electors evidenced their will and intention to amend their existing charter in accordance with the language proposed by Ordinance O-121-2018. The Amended Charter, therefore, as a document of the will of the people, cannot be *482 amended without the approval of "a majority of the electors voting thereon at an election held for that purpose." La.Const. art. 6, § 5 (C). Accordingly, I find the ordinance adopted by the Lafayette City-Parish Council must yield to the provisions of the Amended Charter as proposed by Ordinance O-121-2018 and adopted by a majority of the voters. I would, therefore, reverse the judgment of the trial court.
For the foregoing reasons, I respectfully dissent.

2018 WL 3151290.